## ED HARRIS V. THE STATE.

No. 21208. Delivered November 13, 1940.

The opinion states the case.

*Ramey A. Smith,* of Sulphur Springs, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is acquisition of property by threats; the punishment, confinement in the penitentiary for two years.

The prosecution proceeded under Article 1409, P. C., which reads as follows:

"If any person, by threatening to do some illegal act injurious to the character, person or property of another, shall fraudulently induce the person so threatened to deliver to him any property, with intent to appropriate the same to his own use, he shall be imprisoned in the penitentiary not less than two nor more than five years."

It was alleged in the indictment, among other things, that appellant threatened to arrest E. A. Harbor and take him to jail if Harbor did not surrender to him part of a pint of whisky and five dollars in money. It was further alleged that appellant represented himself to be an officer of the United States Revenue

Department. We find nothing in the statement of facts showing that appellant's statement that he was an officer of the United States Revenue Department was false. The threat mentioned in the statute must be to do an illegal act. The threat to do a legal act would not come within the offense defined. Burnsides v. State, 102 S. W. 118. If appellant had the right to arrest Harbor he (appellant) was not threatening to do an illegal act. It being a part of the State's case, as charged in the indictment, that appellant falsely personated an officer, it was incumbent upon the State to support such allegation. We quote from Burnsides v. State, supra, as follows: "It was a part of the state's case, as set out in the indictment, that appellant falsely personated an officer, and that he falsely charged Martin with unlawfully boarding a train. These were allegations made in the indictment, and evidently deemed necessary to make out the state's case. They should have been proved as alleged, * * *." It is observed that in Burnside's Case the prosecution proceeded under Article 857, P. C. 1895, which is now Article 1409, P. C., which we have hereinbefore quoted.

Because of the failure of the State to make the proof in question the judgment must be reversed.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.